UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN,<br><br>  Plaintiff,<br><br>  v.<br><br>D. GOREE, JR., Appeals Coordinator at Corcoran State Prison,<br><br>  Defendant. | Case No. 1:20-cv-00181-HBK (PC)<br><br>ORDER TO ASSIGN TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 10) |

Plaintiff Paul Edward Duran is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint is before the Court for screening. (Doc. No. 10). For the reasons stated herein, the undersigned recommends the district court dismiss the First Amended Complaint for failure to state a claim.

**I. BACKGROUND**

**A. Procedural Posture**

Plaintiff Duran commenced this action as a prisoner incarcerated within the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison by filing a civil rights complaint. (Doc. No. 1, Complaint). A prior 28 U.S.C. § 1915A screening order found the

---

[1] The undersigned submits these factual findings and recommendations to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Complaint did not state any constitutional claims. (*See generally* Doc. No. 7). The Complaint named only one defendant, D. Goree, Jr., who Plaintiff identified as the "appeals coordinator." (Doc. No. 1). In summary, the Complaint complained that Goree rejected, cancelled, and disregarded numerous appeals that Plaintiff had submitted. (*See generally Id.*). The first screening order found the Complaint did not allege any specific deprivation of federal rights and instead only contained vague and conclusory claims. (Doc. No. 7 at 2). The Court advised Plaintiff of the governing pleadings standards and applicable law and afforded Plaintiff an opportunity to file an amended complaint. (*Id.* at 3-5). After being granted an extension of time, Plaintiff filed a First Amended Complaint. (Doc. No. 10, "FAC").

**B.  Summary of Operative Pleading**

The FAC names D. Goree, Jr. as the sole defendant, who again Plaintiff identifies as the "Appeals Coordinator" at Corcoran State Prison. (Doc No. 10 at 2). The FAC suffers from the same pleading deficiencies as Plaintiff's Complaint. The FAC contains only two paragraphs. Plaintiff states that on April 16, 2019, Defendant Goree violated his 5th and 14th Amendment rights "by procuring false 115 disciplinary reports" which were "issued on" January 30, 2019 by CDCR staff "in retaliation." (Doc. No. 10 at 3). In support, Plaintiff states the false disciplinary reports were issued in retaliation because he "filed criminal complaints against CDCR staff and 1983 lawsuits against coworkers also other Defendants known as et al." (*Id.* at 3-4). Plaintiff filed the various criminal complaints and civil rights against unnamed CDCR staff from January 30, 2019 through August 27, 2020. (*Id.* at 4). Plaintiff also claims Defendant Goree and "all appeals coordinators" "arbitrarily and dishonestly" rejected and cancelled his appeals of the disciplinary reports. (*Id.* at 4-5). As relief, Plaintiff seeks 1 million dollars. (*Id.* at 5).

**APPLICABLE LAW**

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant. This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity considered during screening that would preclude relief, include quasi-judicial immunity, sovereign immunity, or qualified immunity.

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not

required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

**ANALYSIS**

To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Liberally construed, the FAC attempts to articulate Fourteenth Amendment and First Amendment claims stemming from the issuance of nondescript disciplinary reports by unnamed CDCR staff and Defendant Goree's rejection of Plaintiff's appeals about the same. At the outset, Plaintiff does not claim that Defendant Goree issued the disciplinary reports, which Plaintiff claims were false and issued for retaliatory reasons. Thus, the FAC does not show a causal connection between Defendant Goree concerning Plaintiff's claims that that the disciplinary reports were false or issued in retaliation for Plaintiff having filed criminal and civil actions against unnamed staff.

Even if the Court considers Plaintiff's claim that the disciplinary reports were false, the claim fails as a matter of law. The filing of a false disciplinary report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir.

2011); *Harper v. Costa*, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010). Thus, even assuming that the disciplinary report was false, it does not state a standalone constitutional claim. *Canovas v. California Dept. of Corrections*, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014).

Similarly, the FAC fails a state a First Amendment retaliation claim against Defendant Goree to the extent Plaintiff attributes retaliatory motives to Goree for rejecting or cancelling his appeals challenging his disciplinary reports. It is clear prisoners have First Amendment rights to file a grievance or civil rights complaint against correctional officials. *Brodheim v. Cry*, 584 F. 3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence. *Bruce v. Ylst,* 351 F.3d 1283, 1288–89 (9th Cir.2003); *McCollum v. Ca. Dep't of Corr. And Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011). Mere speculation that a defendant acted out of retaliation is not sufficient. *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir.2014) (collecting cases).

Plaintiff alleges no direct facts or none of the three circumstances from which this Court can infer that Defendant Goree had a retaliatory motive in rejecting or cancelling Plaintiff's appeals of his disciplinary reports. *See McCollum*, 647 F.3d at 882. First, the FAC does not contain sufficient facts to show a proximity between the filing of any particular civil or criminal complaint by Plaintiff and April 16, 2019—the date Goree rejected or cancelled Plaintiff's appeal. Second, there are no allegations that Goree expressed any opposition to Plaintiff exercising his right to file complaints. Third, Plaintiff's characterizations of Goree's actions as arbitrary and

dishonest are merely conclusory and hypothetical because he proffers no reasons that the rejections or cancellations were false or pretextual. *Id*.

Finally, the FAC does not allege Fourteenth Amendment violation stemming from Goree rejecting or cancelling Plaintiff's appeals.  Assuming Plaintiff faced loss of good time due to the disciplinary reports (not alleged), the FAC contains no allegations that Plaintiff was not advised of the disciplinary charges, denied an opportunity to call witnesses or present evidence to contest the disciplinary reports, or that the findings were not based on some evidence.  Thus, the FAC does not state a plausible claim under the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

## IV.  FINDINGS AND RECOMMENDATIONS

Based on the above, the undersigned finds Plaintiff's First Amended Complaint fails to allege any constitutional claim related to the issuance of disciplinary reports and Plaintiff's appeal of the same. Despite be provided with the relevant pleading and legal standards, Plaintiff was unable to cure the deficiencies by his amendments and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

Plaintiff's First Amended Complaint be dismissed and the case be closed.

////

////

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  November 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE