1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL EDWARD DURAN,                    Case No.  1:20-cv-00181-ADA-HBK (PC)

12                    Plaintiff,            ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS
13          v.
                                            (ECF No. 15)
14    D. GOREE, JR.,

15                    Defendant.

16

17          Plaintiff Paul Edward Duran ("Plaintiff") initiated this action as a prisoner proceeding *pro*

18    *se* and *in forma pauperis* by filing a civil rights complaint under 42 U.S.C. §1983 on February 3,

19    2020.  (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28

20    U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On July 1, 2020, Plaintiff's initial complaint was screened, and the assigned Magistrate

22    Judge found that Plaintiff failed to state a cognizable claim.  (ECF No. 7.)  Plaintiff was given sixty

23    days to file an amended complaint, and on August 31, 2020, Plaintiff filed his First Amended

24    Complaint ("FAC").  (ECF No. 10.)

25          On November 28, 2022, the assigned Magistrate Judge filed a Findings and

26    Recommendations, which was served on Plaintiff and contained notice that objections to the

27    Findings and Recommendations were to be filed within fourteen days.  (ECF No. 15.)  The

28    Magistrate Judge screened Plaintiff's FAC and found that Plaintiff's FAC fails to state cognizable

claims under the First and Fourteenth Amendments.  (*Id*.)  The Magistrate Judge reasoned that Plaintiff had the relevant pleading and legal standards but was still unable to cure the deficiencies in his FAC.  (ECF No. 15 at 6.)  Therefore, the Magistrate Judge recommended that further leave to amend is not warranted; that Plaintiff's FAC be dismissed; and that the case be closed.  (*Id*.)  Plaintiff filed Objections on December 14, 2022.   (ECF No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In his objections, Plaintiff requests that the Court permit him to amend his complaint to address the Magistrate Judge's concerns.  (ECF No. 16 at 2.)  Plaintiff argues that this action requires consideration of his other two pending civil rights actions known as *Paul Edward Duran v. Longoria, et al.*, 1:20-CV-00289-BAM (PC), and *Paul Edward Duran v. M. Moss*, 1:21-CV-01096-HBK.  (*Id*.)  Plaintiff seems to argue that the two other pending actions support that Defendant's alleged rejections or cancellations of Plaintiff's appeals of his disciplinary reports constitute retaliation.  (*Id*. at 2-3.)  However, this still does not establish facts to show a proximity in time between the filing of Plaintiff's other actions and April 16, 2019, which is the alleged date Defendant rejected or cancelled Plaintiff's appeal.  Rather, the two pending actions began in 2020 and 2021, *after* 2019.  (*See* ECF No. 15 at 5.)  Therefore, Plaintiff fails to establish the proximity of time between the protected conduct and the retaliatory behavior to allege sufficiently a First Amendment violation.

Plaintiff further argues that Defendant violated his procedural due process rights because Defendant allegedly rejected or cancelled Plaintiff's appeals to cover up the prison's staff's failure to follow the prison's policies.  (ECF No. 16 at 3.)  Plaintiff appears to argue that Defendant failed to inform Plaintiff of the process to file non-emergency appeals, and that Defendant attempted to manipulate Plaintiff to withdraw his appeals.  (*Id*.)  However, the Court finds that Plaintiff's objections do not indicate that Plaintiff was not advised of his disciplinary charges, denied an opportunity to call witnesses or present evidence to contest the disciplinary reports, or the findings were not based on some evidence.  (ECF No. 15 at 6.)  Therefore, the Court finds that Plaintiff does

not sufficiently allege a Fourteenth Amendment violation.

Accordingly,

1.   The Findings and Recommendation, filed on November 28, 2022, (ECF No. 15), are adopted in full; and

2.   Plaintiff's First Amended Complaint is dismissed; and

3.   The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:   January 25, 2023

UNITED STATES DISTRICT JUDGE